RUTH BISHOP
*vs.*
CARLETON S. READ

Superior Court     New Haven County     File No. 57614

MEMORANDUM FILED APRIL 1, 1940.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

WYNNE, J.   The court is satisfied that there were several patches of ice on the driveway.   The weather bureau record, what might be expected as a matter of common knowledge at such a time of year and in such a place, the physical possibilities inherent in the water flow from the roof to the ground in the narrow space between the two houses, are all factors to weigh with the testimony.   When added to the apparently straightforward story of Mrs. Soule, and that of the plaintiff, the court feels that on the issue of a slippery condition the plaintiff has prevailed.   The fall itself takes on additional significance when considered with the suggested plausibilities. Against this conclusion is the testimony of Mr. Read.   The court has no doubt of his entire honesty and good faith.   And yet in appraising his testimony it must not be forgotten that to the instinctive reaction of a person blamed for an occurrence, the casual glance of one driving over his driveway is not much concerned with a few patches of ice.   In this climate such appearances are not an infrequent part of the winter scene.   He had to admit that where plaintiff fell, it was slippery, but opined that the condition looked more like the packed snow of an automobile track than it looked like ice.

Mrs. Soule testified that there were patches of ice there early in the day.   This in no wise constitutes an essential contradiction to the single reference offered from her statement to the insurance adjuster that the driveway in the afternoon was

clear and dry. To the mind untutored in the technicalities of the law "clean" might mean free of snow and dry would mean not wet, and neither necessarily would mean that there was no ice. Why wasn't the full text of Mrs. Soule's statement put into evidence? The court finds that there was ice in the drive-way and that it had been there for several days.

Now, what is the measure of responsibility in a day where legal concepts are developing? What is reasonably safe in a day of pattens and muddy walks, ceases to be so regarded in the law of the modern mind. This driveway was used as a walk, it had a pronounced slope towards the street, and it could have been rendered safer by the use of sand or ashes. No such abrasive was used.

With emphasis on all sides on the hazard of winter walking, a progressive court would find it difficult to reconcile a lack of legal liability when the test comes with the warnings of propaganda for indemnity. Rather the court feels that ultimate responsibility has increased more and more as means are provided and are at hand for the discharge of duties and obligations. In such an understanding and by such a measure, the court finds that the walk was not reasonably safe and that the defendant had not discharged the full measure of his legal duty.

Judgment is entered for the plaintiff to recover damages of $1,750.